UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EVELYN AUSTIN, et, al.,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON, et al.,<br><br>　　　　　　Defendants. | Case No.: 4:17-cv-01848-AGF<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND PETITION

This case has been conditionally transferred to *In re Johnson & Johnson Talcum Powder Marketing, Sales Practices and Products Liability Litigation*, a multidistrict litigation ("MDL") proceeding established before Judge Freda Wolfson in the United States District Court for the District of New Jersey to coordinate pretrial matters in talc-related litigation. As explained in the Johnson & Johnson defendants' pending Motion to Stay (Doc. 8) and Opposition to Remand (Doc. 16), proceedings in this case should be stayed pending transfer so that the MDL court can efficiently resolve pretrial motions – including motions to amend pleadings – in all related cases in a coordinated fashion  This Court has repeatedly recognized that this is the correct approach in staying numerous other talcum powder cases pending MDL transfer and noting that the plaintiffs in those actions "will have a full and fair opportunity to present their arguments" on pretrial issues to the MDL court. *Lucas v. Johnson & Johnson*, No. 4:16-CV-1339 (JAR), at 2 (E.D. Mo. Dec. 2, 2016); *see also Frazier v. Johnson & Johnson*, No. 4:16-CV-1388 (JAR), at 2 (E.D. Mo. Dec. 2, 2016) (same). The same is true in this case. Accordingly, the Court should decline to rule on Plaintiffs' motion to amend.

1

If, however, the Court determines that a stay is not appropriate in this case, it should deny Plaintiffs' motion because Plaintiffs' proposed amendment to the pleadings – which attempts to improperly manipulate jurisdiction in this case – would be futile.

## ARGUMENT

Under Federal Rule of Civil Procedure 15(a)(2), the Court has discretion to permit a party to amend its pleadings.  While courts are instructed to "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), "[t]he policy favoring liberal allowance of amendment does not mean that the right to amend is absolute."  *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989).  Courts should deny leave to amend where "the plaintiff is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party," or where amendment would be futile.  *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 394 (8th Cir. 2016).

Here, the sole purpose of Plaintiffs' proposed amended petition is to establish a prima facie case for personal jurisdiction over the non-Missouri plaintiffs' claims in an attempt to rob this Court of jurisdiction over the action.  But Plaintiffs' amended petition fails to allege sufficient facts to establish that specific jurisdiction exists with respect to the non-Missouri plaintiffs because they have not demonstrated "an[] adequate link between the State" and the specific claim alleged by each of those plaintiffs.  *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1781 (2017).   While Plaintiffs attempt to establish a connection between non-Missouri plaintiffs and the State by alleging that some of defendants' products were manufactured by Missouri resident PTI Union LLC ("PTI"), these allegations are

no different from those that have been rejected as constitutionally inadequate in *Bristol-Myers* and other talc cases. Accordingly, Plaintiffs' proposed amendment would be futile.

Further, Plaintiffs' motion to amend should be rejected as a transparent attempt to evade federal jurisdiction. The Supreme Court has long admonished courts "not [to] sanction devices intended to prevent a removal to a Federal court where one has that right." *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185-86 (1907). But that is precisely what Plaintiffs seek to do here. For this reason, too, Plaintiffs' motion for leave to file an amended petition should be denied.

I. **PLAINTIFFS SHOULD NOT BE PERMITTED TO AMEND THEIR PETITION BECAUSE AMENDMENT WOULD BE FUTILE.**

"Futility is a valid basis for denying leave to amend." *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009). The burden is on the party seeking leave to amend to "show[] that such an amendment would be able to save an otherwise meritless claim." *Jackson v. Riebold*, 815 F.3d 1114, 1122 (8th Cir. 2016). An amendment is futile if it "fail[s] to correct the deficiencies in the operative complaint[]," *Lustgraaf v. Behrens*, 619 F.3d 867, 872 (8th Cir. 2010), and "could not withstand a motion to dismiss pursuant to Rule 12." *Bakhtiari v. Beyer*, No. 4:06-CV-01489, 2008 WL 3200820, at *1 (E.D. Mo. Aug. 6, 2008) (citing *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007)). Plaintiffs' proposed amendments here are futile because they fail to correct the critical shortcomings in their initial Petition.

Under *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), an out-of-state defendant is only subject to general jurisdiction in the forum state if its contacts with that state "are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler*, 134 S. Ct. at 751 (alteration in original). In *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017), the Supreme Court held that a court cannot exercise

3

specific jurisdiction over nonresident plaintiffs' claims against a nonresident defendant when "the conduct giving rise to the nonresidents' claims occurred elsewhere" – regardless of whether the court has specific jurisdiction with respect to other plaintiffs joined in the same case. *Id.* at 1782. The Supreme Court was crystal clear: "[w]hat is needed – and what is missing here – is a connection between the forum and specific claims at issue." *Id.* at 1781. As another court in this district recently recognized in a nearly identical case brought by the same plaintiffs' counsel against the same defendants and raising the same claims, *Daimler* and *Bristol-Myers* are dispositive of the personal jurisdiction issues in talc actions. *See Jinright v. Johnson & Johnson*, No. 4:17CV-1849, 2017 U.S. Dist. LEXIS 139270, at *10 (E.D. Mo. Aug. 30, 2017).

In *Jinright*, Judge Webber held that "[i]t [was] clear [p]laintiffs ha[d] not established general jurisdiction over [d]efendants in Missouri" since they "are incorporated in Delaware and New Jersey, and have their principal places of business in New Jersey and California." *Id.* at *7. In addition, Judge Webber noted that plaintiffs could not establish specific jurisdiction under *Bristol-Myers* because '[t]he nonresident [p]laintiffs d[id] not allege they purchased [d]efendants' products in Missouri, ingested or applied it in Missouri, or were injured in Missouri." *Id.* at *10 (emphasis added). Accordingly, the court held that "[t]here [were] simply no facts connecting nonresident [p]laintiffs to the State of Missouri." *Id.*

Judge Webber also flatly rejected the plaintiffs' attempt to establish specific jurisdiction based on PTI's supposed activities in Missouri. *Id.* at *11. Plaintiffs in *Jinright*, like Plaintiffs here, pointed to so-called "evidence [that] Imerys sends their raw talc, with a Material Safety Data sheet warning of the risk of ovarian cancer, to [PTI] in Union, Missouri, where, at the direction of Johnson & Johnson, the warning is cast aside and the talc is processed, bottled and labeled without warning, creating the defect in Missouri." *Compare Jinright*, 2017 U.S. Dist. LEXIS 139270 at

*11 *with* Doc. 33 ¶¶ 103-11.  But Judge Webber held that this allegation "d[id] not establish personal jurisdiction over [d]efendants[] because it does not establish a connection between [p]laintiffs' injuries, the products which caused the harm in this matter, and [d]efendants' contacts in Missouri." 2017 U.S. Dist. LEXIS 139270 at *11.  Further, the court noted that this theory was precisely the same one rejected by the Supreme Court in *Bristol-Myers* – i.e., that specific jurisdiction existed because the defendant manufacturer contracted with a California company to distribute Plavix nationally.  *Id.* at *12.  Judge Webber held that, just as in *Bristol-Myers*, the plaintiffs had not alleged that "Johnson & Johnson acted together with [PTI], nor ha[d] they established, in any manner, that [PTI] is an agent of Johnson & Johnson such that Johnson & Johnson would be liable for [PTI]'s conduct."  *Id.*  Further, "[n]one of the evidence presented create[d] a connection between nonresident [p]laintiffs' injuries in this matter, the Johnson & Johnson products used by nonresidents [p]laintiffs, and what was manufactured by [PTI]." *Id.* at *13.  In light of the Supreme Court's pronouncement in *Bristol-Myers* that "'a [d]efendant's relationship with a third party, standing alone, is an insufficient basis for jurisdiction,'" the court concluded that specific jurisdiction was lacking over the Johnson & Johnson defendants and granted their motion to dismiss.  *Id.* (quoting *Bristol-Myers*, 137 S. Ct. at 1779, 1781).

In short, jurisdictional allegations nearly identical to those advanced in the Plaintiffs' amended petition have already been considered and rejected by both the U.S. Supreme Court in *Bristol-Myers* and another court in this District.  Accordingly, Plaintiffs' proposed amended petition fails to establish specific jurisdiction with respect to non-Missouri plaintiffs – rendering amendment futile.  For this reason alone, the motion to amend should be denied.

## II.     THE PROPOSED AMENDMENT SERVES NO PURPOSE OTHER THAN TO ATTEMPT TO CIRCUMVENT FEDERAL JURISDICTION.

Leave to amend should also be denied because the proposed amendment is offered in bad faith and amendment would prejudice the Johnson & Johnson defendants. *See Kozlov*, 818 F.3d at 395. A proposed amendment is offered in "bad faith" and "prejudice w[ill] naturally follow," where the purpose of the amendment is "forum-shopping and other chicanery." *See Hernandez v. DMSI Staffing, LLC.*, 79 F. Supp. 3d 1054, 1059 (N.D. Cal. 2015), *aff'd*, 677 F. App'x 359 (9th Cir. 2017).

Here, Plaintiffs have engaged in transparent forum-shopping in an attempt to evade federal jurisdiction. Specifically, Plaintiffs have joined the claims of numerous non-diverse Plaintiffs with no ties to Missouri in an effort to deprive the Johnson & Johnson defendants of their right to a federal forum, and instead bring their claims in a state forum that Plaintiffs apparently believe would be advantageous to them. The Supreme Court, however, has made clear that this is improper. *See Wecker*, 204 U.S. at 185-86 (admonishing courts "not [to] sanction devices intended to prevent a removal to a Federal court where one has that right"); *see also McKinney v. Bd. of Trust. of Md. Comm. Col*., 955 F.2d 924,928 (4th Cir. 1992) (Congress "did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it"). This Court should not condone Plaintiffs' efforts to frustrate removal and make the City of St. Louis a nationwide magnet for "litigation tourism."

Further, Plaintiffs' amendments are improper because they are designed to deprive this Court of jurisdiction – and it is well recognized that Rule 15 may not be used in this way. *See* Wright et al., 6 Federal Practice & Procedure Civ. § 1477 (3d ed.). "As stated by one court: 'It is well settled that the continued jurisdiction of a federal court after proper removal will not be allowed to be determined at the whim and caprice of the plaintiff by manipulation of the Complaint by amendment.'" *Id.* (quoting *Jack v. Torrington Co.*, 256 F. Supp. 282, 287 (D.S.C.

6

1966)). That, however, is Plaintiffs' sole aim here. For this reason too, the motion for leave to amend should be denied.

## CONCLUSION

For these reasons, this Court should deny Plaintiffs' motion for leave to amend their petition.

Dated: September 7, 2017  Respectfully Submitted,

**HEPLERBROOM LLC**

By: /s/ Beth A. Bauer
Beth A. Bauer, #49981
130 N. Main Street
PO Box 510
Edwardsville, IL 62025
(618) 307-1200
(618) 656-1364 – Facsimile
bab@heplerbroom.com

Gerard T. Noce, #27636
Thomas J. Magee, #32871
211 North Broadway, Suite 2700
St. Louis, MO 63102
(314) 241-6160
(314) 241-6116 – Facsimile
gtn@heplerbroom.com
tm1@heplerbroom.com

**SHOOK, HARDY & BACON LLP**

Mark C. Hegarty, #40995
2555 Grand Blvd.
Kansas City, MO 64108-2613
(816) 474-6550
(816) 421-5547 – Facsimile
mhegarty@shb.com

*Attorneys for Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc., formerly known as Johnson & Johnson Consumer Companies, Inc.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 7th day of September 2017, a true and correct copy of the foregoing document was served upon the Counsel of Record via the Court's electronic notification system.

                                                             /s/ Beth A. Bauer