UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                               MDL No. 2738


**TRANSFER ORDER**


**Before the Panel:**[*]  Plaintiffs in the eight actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred the actions to the District of New Jersey for inclusion in MDL No. 2738. Defendants Johnson & Johnson, Johnson & Johnson Consumer, Inc., and Imerys Talc America, Inc., oppose the motions.

In support of their motions to vacate, plaintiffs in all eight actions argue that federal subject matter jurisdiction is lacking and that plaintiffs' pending motions to remand to state court should be decided by the transferor courts. As we regularly hold, such jurisdictional issues do not present an impediment to transfer. Plaintiffs can present these arguments to the transferee judge.[1] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

Plaintiff in the *McCarty* action pending in the District of Rhode Island additionally argues that transfer of *McCarty* is not appropriate because she asserts claims against a unique defendant—specifically, CVS Pharmacy, Inc., which allegedly sold the talcum powder products to plaintiff's decedent. Plaintiff thus contends that *McCarty* will involve different discovery than most of the actions in the MDL, which focus on the alleged liability of the manufacturers of the talcum powder products. Plaintiff's arguments are not persuasive. Transfer under Section 1407 does not require a complete identity of factual issues or parties when the actions arise from a common factual core. *See In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 201 F. Supp. 3d 1375, 1378 (J.P.M.L. 2016). Plaintiff's claims in *McCarty*, like those of plaintiffs in the MDL, arise from a common factual core—that the decedent allegedly developed ovarian cancer following perineal application of Johnson & Johnson's talcum powder products. Accordingly, transfer is appropriate. Moreover, we have transferred several actions involving claims against retailer

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

defendants—including CVS Pharmacy, Inc.—to the MDL. *See, e.g.*, Transfer Order at 1-2, *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2738 (J.P.M.L. Aug. 3, 2017), ECF No. 738 (transferring seventeen actions from the District of Rhode Island that asserted claims against CVS Pharmacy, Inc.).

Therefore, after considering the argument of counsel, we find that these actions involve common questions of fact with the actions transferred to MDL No. 2738, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the District of New Jersey was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that plaintiffs or their decedents developed ovarian or other gynecological cancer following perineal application of Johnson & Johnson's talcum powder products (namely, Johnson's Baby Powder and Shower to Shower body powder). *See In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356 (J.P.M.L. 2016). Plaintiffs in these actions similarly allege that they or their decedents developed ovarian cancer following perineal application of the talcum powder products.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Freda L. Wolfson for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell    Charles R. Breyer
Lewis A. Kaplan    R. David Proctor
Catherine D. Perry

**IN RE: JOHNSON & JOHNSON TALCUM POWDER
PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION**      MDL No. 2738

## SCHEDULE A

<u>Eastern District of Missouri</u>

RHODE, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:17−01554
GALLARDO, ET AL. v. JOHNSON & JOHNSON, INC., ET AL., C.A. No. 4:17−01601
THOMPSON, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:17−01654
HOGANS, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:17−01842
AUSTIN, ET AL. v. JOHNSON & JOHNSON, INC., ET AL., C.A. No. 4:17−01848
JINRIGHT, ET AL. v. JOHNSON & JOHNSON, INC., ET AL., C.A. No. 4:17−01849
MOORE, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:17−01856

<u>District of Rhode Island</u>

MCCARTY v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:17−00283